### UNITED STATES of America
#### v.
### J. R. GARNER, Municipal Superintendent of Jonesboro, et al.
### Civ. A. No. 17030.

United States District Court,
N. D. Georgia,
Atlanta Division.
Oct. 27, 1972.

David L. Norman, Asst. Atty. Gen., Walter Gorman, Jerry E. Keith, Attys., Dept. of Justice, Washington, D. C., John W. Stokes, Jr., U. S. Atty., Atlanta, Ga., for plaintiff.

Hutcheson, Kilpatrick, Watson, Crumbley & Brown, Jonesboro, Ga., for defendants.

Before BELL, Circuit Judge, and EDENFIELD * and FREEMAN, District Judges.

PER CURIAM:

The parties, by the undersigned attorneys of record, hereby stipulate and agree that:

1. This action is brought by the Attorney General on behalf of the United States pursuant to Section 5 and Section 12(d) of the Voting Rights Act of 1965, 42 U.S.C. §§ 1973c and 1973j(d), and 28 U.S.C. § 2201.

2. This Court has jurisdiction of this action pursuant to 28 U.S.C. § 1345 and Section 12(f) of the Voting Rights Act of 1965, 42 U.S.C. § 1973j(f).

3. Jonesboro is a municipal corporation of the State of Georgia and is organized and existing under the laws of that state.

4. Defendant J. R. Garner is the Municipal Superintendent of Jonesboro, Georgia, and as such, is vested by Sections 34A–301 and 34A–302 of the Georgia Municipal Election Code with the power and duty of conducting municipal elections and certifying the results thereof.

5. Defendant City Council of Jonesboro, Georgia, is the governing authority of Jonesboro and is vested by Section 34A–201 of the Georgia Municipal Election Code with the power and duty of providing funds and exercising supervisory control over the conduct of municipal elections.

6. The provisions of Section 5 of the Voting Rights Act of 1965, 42 U.S.C. § 1973c, apply to the City of Jonesboro, Georgia.

7. The City of Jonesboro, Georgia, through its attorney, on October 14, 1971, submitted changes in its election procedures to the Attorney General of the United States pursuant to the provisions of Section 5 of the Voting Rights Act of 1965. The submission was completed December 7, 1971, and included the provisions of Georgia Laws 1971, No. 323 and Chapter 6 of the Code of

* Originating judge.

Ordinances of the City of Jonesboro which require:

(a) A change from a standard under which candidates for City Council are elected by a plurality vote to election by a majority; and

(b) A change from a system under which all candidates for City Council ran at large against each other to a system under which candidates for City Council run at large for numbered posts.

8. The practice and procedure in Jonesboro prior to the submitted change cited in paragraph 7, above, and in effect on November 1, 1964, was for all candidates for City Council to run at large with no post requirement and with the candidates receiving the greatest number of votes being elected.

9. On December 4, 1971, the defendant conducted a municipal election in which the changes listed in paragraph 7 were implemented, without having first received a favorable determination from the Attorney General or the District Court for the District of Columbia under Section 5 of the Voting Rights Act of 1965. Defendants caused the election to be held in such a manner that candidates for City Council were required to qualify and run for numbered posts, and candidates for City Council were required to receive a majority of the votes cast for their respective offices in order to be elected.

10. On February 4, 1972, the Attorney General interposed an objection to the changes enumerated in paragraph 7, which were submitted to him pursuant to Section 5 of the Voting Rights Act of 1965.

Now, therefore, a court of three judges having been convened pursuant to 28 U.S.C. Sections 2201 and 2284 and Section 5 of the Voting Rights Act of 1965, 42 U.S.C. § 1973c, and with hearing on the merits and after considering the stipulation, it is hereby Ordered, Adjudged and Decreed:

(a) That the disputed changes in election procedure for the City of Jones-boro are covered by and were properly submitted under Section 5 of the Voting Rights Act;

(b) That the December 4, 1971, municipal election for city councilmen in Jonesboro was unlawful, and any subsequent election for city councilmen in Jonesboro held pursuant to the subject changes will be unlawful;

(c) That the invalidity of the December 1971, election under the Voting Rights Act shall not affect the validity of actions taken or to be taken in their official capacities by those members of the Jonesboro City Council elected in 1971; and

(d) That the defendants, their agents, employees and successors in office, and all persons acting in concert or participation with any of them, are permanently enjoined from:

(1) Implementing any voting practice or procedure different from those in effect in Jonesboro on November 1, 1964, unless and until such practice or procedure is submitted to the Attorney General and 60 days pass without the imposition of an objection, or a favorable declaratory judgment is obtained from the United States District Court for the District of Columbia, pursuant to Section 5 of the Voting Rights Act of 1965; and

(2) Failing or refusing to conduct a new election for the city council seats filled by the December 1971, election within a reasonable period, not later than the next regularly scheduled municipal election in December 1972, pursuant to voting practices and procedures in effect on November 1, 1964, or pursuant to voting practices and procedures different from those in effect on November 1, 1964, which have received favorable review by the Attorney General or by the United States District Court for the District of Columbia under Section 5 of the Voting Rights Act of 1965.